UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KESHA R. HUDSON-HARRIS                                                                  Plaintiff

v.                                                                   Civil Action No. 3:24-CV-530-RGJ

JEFFERSON COUNTY PUBLIC                                                               Defendants
SCHOOLS, *et al.*

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on an initial review of Plaintiff Kesha R. Hudson-Harris's *pro se* civil complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff also filed a motion to add documents to her claim. [DE 5]. Plaintiff's motion to add documents to her claim [DE 5] is **GRANTED**. The Court has considered these exhibits in conducting the initial review of this case. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff filed this *pro* se complaint against Defendants Jefferson County Public Schools ("JCPS"), ECE Special Needs Bus Compound, and JCPS Public School Special Needs Bus Transportation. [DE 1, DE 1-1]. Plaintiff alleges that Defendants violated her due process and equal protection rights under the Fifth and Fourteenth Amendments of the United States Constitution and her rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 ("IDEA"). [*Id.*]. Specifically, Plaintiff represents that on October 12, 2022, her child who has an Individualized Education Program ("I.E.P.") was "left at JCPS school building Wagg[e]ner High School," and that Defendants refused to send the bus back to school to ger her child. [DE 1-1, p. 2]. Additionally, Plaintiff states that while JCPS schools returned to class on January 4, 2023, JCPS informed her that her child would not start until January 9, 2023, in violation of her

rights as well. [*Id.* at 3]. Plaintiff further alleges that she believes she is "under a Retaliatory experience because another state after I submitted a claim against their public school for withholding my child I.E.P. for 2 semesters." [DE 1, p. 6].

In her complaint, Plaintiff states that "EVERY CLAIM is already been being dismissed with prejudice reasons I come to you . . . [b]ecause I have NOT BEEN INSUFFICIENT IN ANY OF MY ACCUSATIONS." [DE 1-1, p. 1]. In the Amount in Controversy section of the complaint, Plaintiff states in part that she "was previously torn up caused emotional distress once [she] read another Judge was willing and did dismiss this new claim with prejudice which left me as a parent speechless, belittled, deprived, and without trust in our law that is to protect and allow equal." [DE 1, at p. 6]. Plaintiff also attaches to her complaint multiple documents from her state-court civil case she filed in the Jefferson Circuit Court against the same Defendants. [DE 1-1, p. 6–7, 9–15]; *see Hudson-Harris v. Jefferson Cnty. Pub. Sch., et al.*, Civil Action No. 22-CI-06450 (Jefferson Circuit Court).

Plaintiff seeks injunctive relief and damages in the amount of $75,000. [*Id.* at 7; DE 1-1, p. 3].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e)(2)(b). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III.

**A. IDEA Claim**

Under the *Rooker-Feldman* doctrine, "a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19CV-192-TBR, 2021 WL 2270707, at *2 (W.D. Ky. June 3, 2021); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The "doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). Plaintiff cannot seek to undo the outcome of a state court proceeding in this Court. *Higgs*, 2021 WL 2270707, at *2; *see also Schriber v. Sturgill*, No. 4:21-CV-49-JHM, 2021 WL 2149215, at *2 (W.D. Ky. May 26, 2021).

The documents submitted by Plaintiff show that she previously filed an IDEA claim against Defendants alleging the same conduct in a state-court action. After that state-court action was dismissed, Plaintiff filed this federal court action complaining of the state-court case's dismissal of her IDEA claim. Plaintiff invites the Court to review and reject this state-court judgment. The *Rooker-Feldman* doctrine, however, deprives the Court of jurisdiction to consider her IDEA claim. *Landon v. Cnty. of Daviess*, No. 4:19-CV-182-JHM, 2020 WL 2945546, at *2 (W.D. Ky. June 3, 2020).[1]

---

[1] Even if the *Rooker-Feldman* doctrine was inapplicable in the present case, the Court finds Plaintiff's IDEA claim is barred by res judicata. *See Brandenburg Tel. Co. v. Sprint Commc'ns Co., L.P.*, 658 F. Supp. 3d 427, 456 (W.D. Ky. 2023).

### B.  42 U.S.C. § 1983 Claims

In addition to asserting an IDEA claim, Plaintiff alleges that Defendants violated her due process and equal protection rights and retaliated against her under the First, Fifth, and Fourteenth Amendments of the United States Constitution. These claims are properly brought under 42 U.S.C. § 1983 and were not brought in Plaintiff's state-court action.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

"Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run." *Elkins v. Kentucky State Police*, No. 3:08CV-P157-S, 2008 WL 2597554, at *2 (W.D. Ky. June 26, 2008) (citing *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). The "standard rule" is that a cause of action accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks, citations, and alterations omitted). Because an action generally accrues "when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred," courts typically determine the accrual of a § 1983 action by "look[ing] to the event that should have alerted the typical lay person to protect his or her rights." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (internal quotation marks and citations omitted); *see also Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 701 (6th Cir. 2022); *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023). "The cause of action accrues even though the full extent of the injury is

5

not then known or predictable." *Wallace*, 549 U.S. at 391 (citing 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526–527 (1991) (footnote omitted)). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, Plaintiff specifically states that the events giving rise to these claims occurred on October 12, 2022, and January 9, 2023. Plaintiff's claims, therefore, are barred by the statute of limitations since Plaintiff knew of the alleged injuries or violations more than one year before the instant action was initiated on September 17, 2024. For this reason, Plaintiff's § 1983 claims must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

### C. Letter

On September 27, 2024, Plaintiff filed a letter with the Court indicating that after discovering a mistake of an incorrect name on her child's recent I.E.P., she requested a new one from JCPS. [DE 6]. She represents that she received the new I.E.P. on September 26, 2024, but the I.E.P. fails to list the "Proper category" and "Grade Level" for her child. [*Id.*]. In exhibits attached to her letter, she writes on one exhibit that she would "like to add these violations." [*Id.* at 46].

"Only after a plaintiff exhausts her administrative remedies may she pursue a civil action to enforce her rights under the IDEA." *Canders v. Jefferson Cnty. Pub. Sch.*, No. 3:13-CV-01171-TBR, 2014 WL 4627273, at *3 (W.D. Ky. Sept. 16, 2014) (citing 20 U.S.C. § 1415(l); *Doe v.*

*Dublin City Sch. Dist.*, 453 Fed. App'x 606, 608 (6th Cir. 2011)).  A review of this letter reflects that Plaintiff received the I.E.P. on September 26, 2024, and filed the letter with the Court on September 27, 2024—bringing suit before starting or, at the very least, before finishing the administrative process.  As such, in as much as Plaintiff seeks to amend her complaint, this claim is premature for failing to exhaust administrative remedies and will be dismissed.

## IV.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date: January 14, 2025

*Rebecca Grady Jennings, District Judge*
United States District Court

cc: Plaintiff, *pro se*
    Defendants
A961.014